# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Elisangela Da Silva

## DEFENDANTS
Emilia Bardini; Emilio T. Gonzalez; Michael Chertoff; Michael B. Mukasey

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)

San Mateo

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert B. Jobe, Law Office of Robert B. Jobe, 550 Kearny St., Ste. 200, SF CA 94108, 415-956-5513

**ATTORNEYS** (IF KNOWN)
US Attorney's Office, 450 Golden Gate Ave., 11th Fl., SF CA 94102

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For diversity cases only)
(PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | [x] 890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Mandamus and Venue Act (28 U.S.C. § 1361); Administrative Procedure Act (5 U.S.C. § 702), Civil Action (28 U.S.C. §§ 1331, 2201, 2202)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____  CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐YES [x] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: 1/2/08

SIGNATURE OF ATTORNEY OF RECORD

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Ste. 200
San Francisco, CA 94108
Tel: (415) 956-5513
Fax: (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISANGELA DA SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>EMILIA BARDINI, DIRECTOR, SAN SAN FRANCISCO ASYLUM OFFICE; EMILIO T. GONZALEZ, DIRECTOR, USCIS; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>USCIS Alien Number: 99-783-947 |

### COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF

By and through her undersigned attorney, Plaintiff, ELISANGELA DA SILVA ("Ms. Da Silva"), as and for her complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.  Ms. Da Silva is a native and citizen of Brazil who filed an application for asylum with the U.S. Citizenship and Immigration Services on or about August 9, 2006. On August 30, 2006, Ms. Da Silva was interviewed on the merits of that application by the San Francisco Asylum Office. Since that time, Ms. Da Silva's application for asylum inexplicably remains pending. This action seeks to compel the adjudication of the application for asylum filed by Ms. Da Silva.

Complaint for a Writ of Mandamus

## JURISDICTION

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## INTRA DISTRICT ASSIGNMENT

3. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## VENUE

4. Venue is properly in this district, where Ms. Da Silva resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where the witnesses pertinent to this action are most likely to be found. 28 U.S.C. § 1391(e); 8 U.S.C. § 1447(b) (venue proper in the "district court for the district in which the applicant resides").

## PLAINTIFF

5. Ms. Da Silva is a native and citizen of Brazil who currently resides at 529 Rollins Rd. #C, Burlingame, California 94010. Although the Attorney General is required to reinstate a 2003 removal order against Ms. Da Silva – and thereafter allow her an interview with an asylum to determine if she has a reasonable fear of returning to her native country – the Defendants have refused to do so, leaving Ms. Da Silva in legal limbo in the U.S.

## DEFENDANTS

6. Emilia Bardini is the Director of the San Francisco Asylum Office and is sued herein in her official capacity. In this capacity, she is directly responsible for processing asylum application filed within the jurisdiction of the San Francisco Asylum Office.

Complaint for a Writ of Mandamus            2

7. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

8. Michael Chertoff, the Secretary of the Department of Homeland Security, is sued herein in his official capacity. As the head of the executive Department which houses the USCIS agency, Secretary Chertoff is "charged with the administration and enforcement of [the INA] and all other laws relating to the immigration and naturalization of aliens, except insofar as [the INA] or such laws relate to the powers, functions, and duties conferred upon the President, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers." INA § 103(a)(1), 8 U.S.C. § 1103(a)(1).

9. Michael B. Mukasey, Attorney General of the United States, is sued herein in his official capacity. In that capacity, the Attorney General represents the United States in legal matters generally and gives advice and opinions to the heads of the executive departments of the Government when so requested. He also has responsibility for providing access to criminal history record information pursuant to INA § 104(g), 8 U.S.C. § 1103(g), and INA § 105(b), 8 U.S.C. § 1105(b).

**FACTS**

10. Ms. Da Silva was born on April 6, 1975 in Pilar de Goias, Goiania, Brazil. After being brutally raped by the Brazilian police on account of her sexual orientation, Ms. Da Silva fled Brazil and attempted to seek refuge in the U.S. On October 9, 2003, when Ms. Da Silva attempted to enter the U.S. using fraudulent documents and a false name, she was

Complaint for a Writ of Mandamus   3

apprehended by the Department of Homeland Security ("DHS") and summarily removed to Mexico, pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1).

11. On October 22, 2003, Ms. Da Silva re-entered the U.S. without inspection via Laredo, Texas. By re-entering the U.S. illegally after having been previously removed from the U.S., Ms. Da Silva rendered herself subject to "reinstatement of removal" pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), which provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien *shall* be removed under the prior order at any time after the reentry.

(Emphasis added). *See also* 8 C.F.R. § 241.8.

12. Although a final reinstatement order triggers the bar to relief in INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), DHS has determined that withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), is not a form of relief because it is mandatory, not discretionary.[1] Thus, if a person expresses a fear of return during the reinstatement process, the regulations provide for an interview with an asylum officer. If an asylum officer determines that the person has a "reasonable fear of persecution or torture," she may apply for withholding of removal before an

---

[1] INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), mandates that:

> the Attorney General *may not* remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

(Emphasis added).

Complaint for a Writ of Mandamus            4

immigration judge. 8 C.F.R. §§ 241.8(a) & (e), 208.31.

13. On August 9, 2006, Ms. Da Silva filed an application for asylum with the U.S. Citizenship and Immigration Services, based on the past persecution she suffered at the hands of the Brazilian police, and her fear of future persecution, on account of her sexual orientation. On or about August 30, 2006, Ms. Da Silva was interviewed by a San Francisco Asylum Officer in regards to her application for asylum. If DHS reinstates her prior removal order, Ms. Da Silva will not be eligible for asylum. However, upon reinstatement of her prior removal order, Ms. Da Silva will receive an interview with an asylum officer and, if the asylum officer determines that she has a "reasonable fear of persecution or torture," Ms. Da Silva may apply for withholding of removal before an immigration judge. 8 C.F.R. §§ 241.8(a) & (e), 208.31.

14. Despite the fact that Ms. Da Silva is subject to reinstatement of removal and the Attorney General *shall* order her removed under the prior order, Ms. Da Silva remains in legal limbo, awaiting an opportunity to undergo a reasonable fear interview and present her application for withholding of removal before an immigration judge.

15. Although more than sixteen months years have lapsed since Ms. Da Silva filed her application for asylum, and since she was interviewed on the merits of that application, Defendants have taken no action to reinstate Ms. Da Silva's removal order or allow her an opportunity to demonstrate her "reasonable fear of persecution or torture." Nor have Defendants adjudicated her application for asylum. As a result, Ms. Da Silva's legal status in the U.S. remains uncertain.

16. Defendants' willful delay in reinstating Ms. Da Silva's removal order clearly contravenes DHS's duty to act on a nondiscretionary, mandated reinstatement of removal within

Complaint for a Writ of Mandamus     5

a reasonable period of time. As a result of this delay, Ms. Da Silva's legal status remains uncertain.

17. This civil action seeks a writ of mandamus ordering Defendants to immediately reinstate Ms. Da Silva's prior removal order and provide her with a reasonable fear interview with an asylum officer.

18. Ms. Da Silva has exhausted any administrative remedies that may exist. No other remedy exists for Ms. Da Silva to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

19. Defendants' illegal action has kept Ms. Da Silva in an uncertain legal status. Because Defendants have neglected the requirement that they reinstate Ms. Da Silva's removal order, Ms. Da Silva is unable to demonstrate her reasonable fear of persecution or torture to an asylum officer and subsequently apply for withholding of removal before an immigration judge.

20. Ms. Da Silva has suffered, and will continue to suffer, irreparable injury for which she has no adequate remedy at law. If the relief prayed for is not granted, Ms. Da Silva will suffer continued extreme individual hardship.

### FIRST CAUSE OF ACTION
(Mandamus)

21. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 20 above as though fully set forth herein.

22. Defendants have the nondiscretionary duty to reinstate Ms. Da Silva's prior removal order and provide Ms. Da Silva with an interview with an asylum officer to determine if she has a "reasonable fear of persecution or torture." By failing to do so, Defendants are, quite

simply, failing to comply with their statutory and regulatory duties. Plaintiff is entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to reinstate her previous removal order.

### SECOND CAUSE OF ACTION
(Violation of the Administrative Procedure Act)

23. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 22 above as though fully set forth herein.

24. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to reinstate Ms. Da Silva's prior removal order and provide Ms. Da Silva with an interview with an asylum officer to determine if she has a "reasonable fear of persecution or torture," Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

//
//
//
//
//
//
//
//
//
//

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

(1)  Accept jurisdiction over this action;

(2)  Declare Defendants' failure to reinstate Ms. Da Silva's prior removal order and provide Ms. Da Silva with an interview with an asylum officer to determine if she has a "reasonable fear of persecution or torture" to be a violation of 8 U.S.C. § 1231(a)(5), the Administrative Procedure Act, and 28 U.S.C. § 1361;

(3)  Order the Defendants to immediately reinstate Ms. Da Silva's prior removal order and provide her with an interview with an asylum officer to determine if she has a "reasonable fear of persecution or torture;"

(4)  Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5)  Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: January 2, 2008

Respectfully submitted,

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513

Attorney for Plaintiff

Complaint for a Writ of Mandamus